## United States Bankruptcy Court
### Southern District of Georgia

In re: **George Walter Crosby, Jr. / Nancy Judd Crosby**, Debtor(s)

Case No. **15-20653**
Chapter **13**

### CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ **761.00** for the applicable commitment period of:

   ☐ 60 months: **or**

   ■ a minimum of 36 months. § 1325(b)(4).

   (If applicable include the following): These plan payments change to $ ____ in month ____ .

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of $ **2,800.00** to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|
   | -NONE- | | |

   **IN THE ALTERNATIVE:**

   ■ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | Southern Motors of Savannah, Inc. | $459.88 |
   | Wells Fargo Bank, N.A. | $1,219.28 |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | -NONE- | | | | |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE % | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | -NONE- | | | | |

   (g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

   | CREDITOR | ESTIMATED PREPETITION CLAIM |
   |---|---|
   | Wells Fargo Bank, N.A. | $36,573.20 |

(h) The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ____ %; ■ without interest.

      CREDITOR
      **-NONE-**

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a __**0**__ % dividend or a prorata share of $__**0.00**__, whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors: ☐ Direct to the Creditor; or ■ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **-NONE-** | |

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|
| **-NONE-** | |

5. Pursuant to 11 U.S.C. §522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| CREDITOR | PROPERTY |
|---|---|
| **-NONE-** | |

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8. Other provisions:

**(a) Any creditor that is not listed in paragraphs 2(e) or 2(f) that files an allowed secured claim shall be paid interest upon such claim in the amount of 3.25% per annum.**

**(b) All debts, including those not specifically referenced in this plan but excluding those debts listed in section 2(d) of this plan, shall be discharged upon completion of all payments under this plan. In the event that relief from the automatic stay is granted as to any debt listed in section 2(d), that debt shall be discharged upon completion of all payments under this plan.**

**(c) The Debtor(s) reserve(s) the right to object to any claim, including claims filed prior to confirmation, at any time before the completion of all payments required under this plan.**

**(d) The Debtor(s) hereby object(s) to any claim not filed by the applicable bar date, and which is not accompanied by a motion to allow the claim. Any such claim shall be deemed disallowed pursuant to 11 U.S.C. § 502.**

**(e) The Debtor(s) hereby redeem any vehicle in his/her/their possession, but for which title is held by a lender under a title pawn contract. The Debtor(s) shall redeem any such vehicle by paying the debt in full through this chapter 13 plan. Confirmation of the plan shall constitute an affirmative finding as to the following: (1) that the grace period for redemption has not expired; (2) that the vehicle is property of the estate; and (3) that the post-confirmation payments described in paragraph 2(e) shall constitute appropriate "affirmative steps to redeem" any such vehicle.**

**(f) Any claims relating to student loan obligations shall be paid directly to the lender(s) and shall not be paid through this plan.**

9. The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supersede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Date **August 4, 2015**     Signature **/s/ George Walter Crosby, Jr.**
**George Walter Crosby, Jr.**
Debtor

Date **August 4, 2015**     Signature **/s/ Nancy Judd Crosby**
**Nancy Judd Crosby**
Joint Debtor

*Revised 10/2005*